UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL E. HOLLOMAN,

      Plaintiff,

v.                                                         CASE No. 8:08-CV-796-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

      The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has two years of college education, has

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

worked as a certified nurse's assistant and a choreman (Tr. 624-25). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to fibromyalgia, inflammatory arthritis, polymyalgia rheumatica, and gout (Tr. 100). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of diabetes mellitus, high blood pressure, fibromyalgia, obesity, and depression (Tr. 24). He concluded that these impairments greatly restricted the plaintiff as follows (Tr. 25):

> [T]he undersigned finds that the claimant has the residual functional capacity to perform no more than a restricted range of sedentary work, with a sit/stand option at will. He can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant is prohibited from climbing ladders, ropes, and scaffolds and from working around hazards such as dangerous moving machinery and unprotected heights. He can perform only unskilled, low stress work define[d] as one and two step processes in routine, repetitive, entry level jobs that primarily require working with things rather than people.

The law judge determined that these restrictions prevented the plaintiff from performing past work (Tr. 31). However, based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as ticket checker, lens inserter, and final assembler (Tr. 32). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge concluded that the plaintiff has several severe impairments which greatly limit the plaintiff's residual functional capacity to a restricted range of sedentary work (Tr. 25). The plaintiff asserts three challenges to the decision, all of which are meritless and patently fail to comply with this court's scheduling Order.

The scheduling Order required the plaintiff in his memorandum to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support those challenges

-5-

"by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 18, p. 2). Among other deficiencies, the plaintiff does not include in his arguments even one citation to medical evidence in support of his claims.

A.   The plaintiff contends first that the law judge failed to "Properly Consider the Combined Effect of All Impairments and Subjective Symptoms" (Doc. 19, p. 12). In this connection, the plaintiff argues that the law judge "found only five impairments: diabetes mellitus, high blood pressure, fibromyalgia, obesity and depression" and that the law judge "does not note or consider Claimant's dyslipidemia, gout, headaches, gastritis, and osteoarthritis/back pain" (id., p. 14).

As the Commissioner correctly notes, the law judge found more than five impairments (Doc. 20, p. 5). Thus, the five impairments identified by the plaintiff are those that the law judge found to be severe, *i.e.*, that significantly limit the plaintiff's ability to do basic work activities (Tr. 22). See 20 C.F.R. 404.1521(a), 416.921(a). The law judge also acknowledges in his decision other diagnoses, including gout, hyperlipidemia, and low back pain syndrome (Tr. 27, 28, 29). Further, the law judge specified that the

-6-

plaintiff receives medication for hyperlipidemia and gout (Tr. 27). In this connection, Dr. Nestor M. Guerrero, a treating physician, stated in 2004 that the plaintiff's gout was "asymptomatic" (Tr. 511). Further, the law judge discussed the test results and physical examinations of the plaintiff's back, which he found did not reveal disabling limitations (Tr. 27, 28). Therefore, the plaintiff's argument that the law judge did not consider the plaintiff's gout, dyslipidemia, and low back pain is incorrect.

Furthermore, although the law judge's decision does not specifically mention headaches or gastritis, neither condition is alleged in the plaintiff's application for benefits, and he did not testify to either condition at the hearing (see Tr. 100, 636). Under those circumstances, these conditions are appropriately disregarded. Robinson v. Astrue, 365 Fed. Appx. 993, 995 (11th Cir. 2010)(unpub. dec.)(the law judge was not under an obligation to investigate a claim that is not presented in the application for disability benefits or through hearing testimony); Street v. Barnhart, 133 Fed. Appx. 621, 627 (11th Cir. 2005)(unpub. dec.).

Significantly, the plaintiff does not identify in his argument any functional limitation caused by these conditions that warrants a more

restrictive residual functional capacity than found by the law judge. It is well-established that it is the functional limitations from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability. See Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Thus, "[t]he mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work, nor does it undermine the [law judge's] determination regarding her ability to work." Robinson v. Astrue, supra, 365 Fed. Appx. at 995; Moore v. Barnhart, supra, 405 F.3d 1208 at n. 6. Therefore, if the law judge erred in failing to assess these ailments (which he did not), it would be harmless error. See id. For these reasons, the plaintiff's argument that this case should be reversed because the law judge did not consider dyslipidemia, gout, headaches, gastritis, and osteoarthritis/back pain is meritless.

The Commissioner, seemingly out of an abundance of caution, has defended the law judge's credibility determination regarding the plaintiff's subjective complaints (Doc. 20, p. 8). However, the plaintiff has not raised any challenge to the law judge's credibility determination. Thus,

the plaintiff has articulated three issues, and none of them asserts that the law judge's credibility determination is erroneous.

Moreover, the plaintiff has not developed any argument showing that the law judge erred in making his credibility determination. Although the plaintiff has quoted the Eleventh Circuit pain standard (Doc. 19, p. 13), he has not identified any aspect of the credibility determination that is inadequate or erroneous. Moreover, he has not pointed to any evidence in the record that attempts to show that the law judge erred in his determination.

Particularly in light of the scheduling Order, any challenge to the law judge's credibility determination is properly deemed abandoned. Nevertheless, it is appropriate to add that there is no apparent basis for a challenge to the credibility determination.

The law judge not only referred to the pertinent regulations and Social Security Rulings governing the assessment of subjective complaints of pain, but he quoted the Eleventh Circuit's pain standard (Tr. 25). See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, the law judge did not wholly discount the plaintiff's complaints of pain (Tr. 25,

28).  To the contrary, he greatly restricted the plaintiff to sedentary work with a sit/stand option, limited postural movement, and simple tasks (see Tr. 25).

In his credibility determination, the law judge gave a cogent explanation for declining to credit fully the plaintiff's allegations of disabling pain.  First, the law judge found that the plaintiff's "longitudinal medical history is not necessarily consistent with his allegations of disability" (Tr. 26). In this connection, the law judge discussed in detail the plaintiff's physical and neurological examinations which did not reveal disabling functional limitations, as well as the results of diagnostic studies that were essentially normal (Tr. 28-29).  Further, the law judge expressly considered the plaintiff's hand, knee, and back pain (see Tr. 26-31), and gave reasons for determining that the record did not support the plaintiff's statements that these conditions caused disabling pain (Tr. 28, 29, 30-31).  The law judge also considered in not fully crediting the plaintiff's testimony of debilitating pain that the plaintiff's conditions were treated conservatively (Tr. 28). In addition, the law judge pointed out that the plaintiff's credibility had been directly placed at issue by a comment from consulting examiner Dr. Edward Harshman, who cautioned "deception [by the plaintiff] must be considered"

because there were many findings that were not anatomically explainable (Tr. 29, see Tr. 193), and by statements he made to consulting examiner Dr. Mark D. Bowden that were inconsistent with the plaintiff's hearing testimony (Tr. 28, see Tr. 515). In short, the law judge's explanation is clearly sufficient to discount the plaintiff's allegations of disabling pain. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006)(unpub. dec.).

Finally, to the extent that the plaintiff suggests that the law judge did not consider the combined effect of the plaintiff's impairments, that suggestion is meritless. Several statements by the law judge show otherwise. See Wilson v. Barnhart, supra, 284 F.3d at 1224-25. For example, the law judge recognized that, in determining the residual functional capacity, he "must consider all of the claimant's impairments, including impairments that are not severe" (Tr. 23). The law judge also found that the plaintiff did not have a "combination of impairments" that met a listing (Tr. 24).

B. The plaintiff's next argument is that the law judge did not properly consider the opinion of Dr. Sami Mughni (Doc. 19, pp. 14-16). This contention is baseless.

Dr. Mughni is a medical doctor at the Florida Arthritis and Osteoporosis Center, P.A., where the plaintiff received treatment. In a Questionnaire, Dr. Mughni opined, in a conclusory manner, that the plaintiff was disabled (see Tr. 514). Thus, in response to the question, "Can he or she work," a check mark was placed in the box "Unable to work" (id., question 2b). The diagnosis underlying this limitation was identified as "Fibromyalgia" (id., question 1). With regard to duration of the condition, Dr. Mughni checked "permanent" (id., question 3).

The law judge noted that Dr. Mughni was not the plaintiff's treating physician (Tr. 29). In fact, there is no evidence that Dr. Mughni ever examined the plaintiff. Rather, the progress notes indicate that the plaintiff received treatment at the Florida Arthritis and Osteoporosis Center primarily from nurse practitioner Meg S. Allen (see, e.g., Tr. 162). Therefore, Dr. Mughni's opinion seemingly "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." Swindle v. Sullivan, 914 F.2d 222, 226 n.3 (11th Cir. 1990).[2]

---

[2]It is noted that, although Dr. Mughni signed the Questionnaire, nurse practitioner Allen may have completed that form (see Tr. 397)(Meg. S Allen states that she "filled out career form for pt."). A nurse practitioner is not recognized as an acceptable medical source to provide evidence to establish an impairment. 20 C.F.R. 404.1513(a); 416.913(a).

Further, the law judge acknowledged in his decision Dr. Mughni's opinion that the plaintiff is unable to work, but found it unpersuasive because it was not supported by the medical records of the Florida Arthritis and Osteoporosis Center and other substantial evidence of record (Tr. 29). Indeed, even if Dr. Mughni were a treating physician, his vague opinion that the plaintiff is "unable to work" would be properly rejected as conclusory. See Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). It also is not entitled to deference because it merely opines on the plaintiff's ability to work, which is a decision reserved to the Commissioner. 20 C.F.R. 404.1527(e), 416.927(e); Shaw v. Astrue, 2010 WL 3191763 at *3 (11th Cir. 2010)(unpub. dec.); Lanier v. Commissioner of Social Security, 252 Fed. Appx. 311, 314 (11th Cir. 2007)(unpub. dec.).

Furthermore, the law judge's explanation is supported by substantial evidence. Thus, the plaintiff's medical records did not reflect disabling functional limitations. As the law judge noted, no other medical source imposed limitations on the plaintiff's functioning, much less opined that he was completely disabled from working (see Tr. 30). To the contrary, consulting examiners Drs. Mark Bowden and R.W. Springstead opined that the plaintiff was capable of working (Tr. 520-23, 529-32).

Significantly, Dr. Mughni's opinion is also inconsistent with the plaintiff's own account of his physical capabilities. Thus, about six months after Dr. Mughni completed the Questionnaire, the plaintiff told Dr. Bowden during a consultative examination in February 2007 that he could dress and feed himself, push and pull without difficulty, occasionally lift ten pounds, stand for about two hours in an eight-hour workday, and sit for about six hours in an eight-hour workday (Tr. 515). Further, the plaintiff's statements of his capabilities are supported by Dr. Bowden and medical examinations during which the plaintiff regularly demonstrated a normal gait, no significant motor or sensory disturbance, no synovitis or muscle wasting, and only mildly decreased ranges of motion (see, e.g., Tr. 155, 160, 193-94, 238, 338, 381, 382, 434, 516, 525, 539).

The plaintiff challenges the law judge's rejection of Dr. Mughni's opinion on the basis that his "diagnoses/opinions are entirely consistent with all prior treating physicians' records" (Doc. 19, p. 15) (emphasis in original). This argument is not supported by citations to the record and, therefore, in accordance with the scheduling Order, is properly deemed abandoned (see Doc. 18). Moreover, although Dr. Mughni's diagnosis of fibromyalgia is supported by the record, there is no opinion by

-14-

a treating physician that the plaintiff is unable to work or is functionally limited by his condition. Therefore, the contention that Dr. Mughni's opinion is "entirely consistent" with the medical records is unpersuasive. Moreover, it is not enough for the plaintiff to show that evidence supports giving Dr. Mughni's opinion controlling or great weight; rather, the plaintiff must show that the evidence compels such a conclusion. See Adefemi v. Ashcroft, supra.

In sum, the law judge set forth good cause for discounting Dr. Mughni's conclusory opinion, and that determination is amply supported by the record. The plaintiff has not meaningfully challenged that conclusion. Therefore, the argument that Dr. Mughni's opinion was not properly considered is baseless.

C. The plaintiff's final argument is that the law judge "failed to include All Claimant's impairments and their related symptoms and restrictions ... in his questioning of the Vocational Expert" (Doc. 19, p. 16)(emphasis in original). This argument consists of a one-paragraph quotation of an unidentified Eleventh Circuit case which states the well-established rule that "the [law judge] must pose a hypothetical question which comprises all of the claimant's impairments" (id.). This undeveloped argument is meritless.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, supra, 284 F.3d at 1227. On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004); see, e.g., Moreno v. Astrue, 366 Fed. Appx. 23, 29 (11th Cir. 2010) (unpub. dec.).

The vocational profile found by the law judge clearly matches the pertinent hypothetical question posed to the vocational expert (compare Tr. 25 with Tr. 641). Consequently, the hypothetical question is not flawed.

Further, the plaintiff does not identify the limitations the law judge purportedly failed to include in the hypothetical question, much less show that the law judge erred by not including any such limitations. Therefore, this argument is meritless. Any other challenges to the hypothetical question or the residual functional capacity are deemed abandoned.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _25th_ day of August, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-17-